# UNITED STATES DISTRICT COURT

for the

## Western District of Kentucky
## Bowling Green Division

| | | |
|---|---|---|
| Debra Cage | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. `1:17-cv-53-GNS` |
| | ) | |
| First Resolution Investment Corp. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporate Service Center, Inc. | ) | |
| 5605 Riggins Court, Suite 200 | ) | |
| Reno, NV 89502 | ) | |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *and Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Credit Card Receivables Fund, Inc. | ) | |
| c/o Corporation Service Company | ) | |
| 2711 Centerville Road, Suite 400 | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| ZB Limited Partnership | ) | |
| c/o Corporation Service Company | ) | |
| 2711 Centerville Road, Suite 400 | ) | |
| Wilmington, DE 19808 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*       \*       \*       \*       \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.      Plaintiff, Debra Cage, is a natural person who resides in Logan County, Ky.  Ms. Cage is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5.      FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.      Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.      Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.      Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9.      Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

---

[1] http://www.firstresolution.com (visited March 23, 2017).

10.     Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

11.     FRIC is or was a Canadian corporation.

12.     On June 23, 2009, FRIC filed suit against Ms. Cage in the Logan District Court of Logan County, Kentucky under Case No. 09-C-00448 (the "State Court Lawsuit"). A true and accurate of the complaint in the State Court Lawsuit is attached as Exhibit "A."

13.     FRIC's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Chase Bank USA, N.A.

14.     The Chase credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

15.     FRIC's complaint in the State Court Lawsuit avers *inter alia* that Ms. Cage owed FRIC the principal amount of $1,525.54, plus interest at the rate of 8.00% per annum from February 28, 2006.

16.     On August 18, 2009, FRIC moved for default judgment against Ms. Cage in the State Court Lawsuit.

17.     The Logan District Court entered default judgment in FRIC's favor in the State Court Lawsuit on August 20, 2009 (the "Default Judgment").  A true and accurate copy of the Default Judgment is attached as Exhibit "B."

18.      The Default Judgment provides in pertinent part:

**DEFAULT JUDGMENT**

This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant, having been duly summoned, has failed to answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant is not in the military service of the United States.

It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant the sum of $1,525.54, with interest thereon at the rate of 8% per annum from February 28, 2006 until date of judgment with 12% per annum thereafter until paid , plus court costs :

., for all of which it may have execution.

This is a final judgment and there is no just reason for delay.

19.     While the Default Judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

20.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

21.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

22.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

23.     FRIC did not file a bill of costs in the State Court Lawsuit.

24.     FRIC did not serve a bill of costs on Ms. Cage related to its costs expended in the State Court Lawsuit.

25.     There is no supplemental judgment entered in the State Court Lawsuit awarding FRIC costs.

26.     On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

27.     Upon information and belief, the Unifund Group acquired the FRIC judgment against Ms. Cage as part of this acquisition.

28.     Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

29.     On March 24, 2016, FRIC and/or Unifund CCR, LLC and/or Unifund CCR Partners caused a wage garnishment (the "Wage Garnishment") to be executed and filed in an attempt to collect the Default Judgment.

30.     A true and accurate copy of the Wage Garnishment is attached as Exhibit "C."

31.     The Wage Garnishment provides in pertinent part:

| JUDGMENT DEBTOR: | JUDGMENT CREDITOR: | |
| --- | --- | --- |
| | | FIRST RESOLUTION INVESTMENT CORPORA |
| DEBBIE C CAGE | Amount Due: $ | |
| | Probable Court Costs: $ | 3,501.15 |
| | Judgment Date: | 73.00 |
| | Creditor's Attorney: | 08/20/2009 |

32.     Upon information and belief, the "Amount Due" of $3,501.15 includes self-awarded court costs that Midland has no legal right to recover from Ms. Cage.

33.     The "Probable Court Costs" of $73.00 stated in the Wage Garnishment consists of court costs or collection expenses for which no Bill of Costs was filed.

34.     The Wage Garnishment issued by FRIC, Unifund CCR, LLC, and/or Unifund CCR

Partners has caused her great economic hardship.

35.     The Wage Garnishment has also taken a huge emotional and physical toll on Ms. Cage.

36.     FRIC, Unifund CCR, LLC, and/or Unifund CCR Partners violated the FDCPA by misrepresenting the amount of the debt in the Wage Garnishment, including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, and including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

**I.     Claims against First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners**

37.     The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Debra Cage requests that the Court grant her the following relief:

1.   Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the Wage Garnishment;

2.   Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.   Award Plaintiff reasonable attorney's fees and costs;

4.   A trial by jury; and

5.   Such other relief as may be just and proper.


Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4

Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com